# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| In Re: | Case Number 18-10359-FJB |
| Eric J. Dixon and Kerri G. Dixon | Chapter 7 |

## MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AND/OR ITS SUCCESSORS AND ASSIGNS FOR RELIEF FROM THE AUTOMATIC STAY

Now comes Nationstar Mortgage LLC d/b/a Mr. Cooper and/or its successors and assigns ("Secured Creditor") and hereby moves this Court pursuant to 11 U.S.C. § 362 and Fed. R. Bankr. R. 4001 for Relief from the Automatic Stay so as to permit it to enforce any and all applicable rights and remedies against Eric J. Dixon and Kerri G. Dixon (hereinafter referred to as the "Debtors") including, but not limited to, a foreclosure sale on certain mortgaged property which is located at *14 Bay Street, Wakefield, MA 01880* (the "Property") and consists of a lot of land with residence thereon.

In support of this Motion, Secured Creditor states the following:

1. The Debtors' Chapter 7 Petition was filed on February 1, 2018.

2. This mortgage was originally given by the Debtors to Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for GMH Mortgage Services LLC (the "Mortgage"). Said Mortgage is dated December 18, 2014 and is recorded in Middlesex County (Southern District) Registry of Deeds in Book 64707, Page 296 (the "Mortgage"). A copy of the Mortgage is attached hereto and is marked Exhibit A. Secured Creditor is the current holder of the Mortgage.

3. Said Mortgage secures a promissory note given by the Debtors to GMH Mortgage Services LLC in the original principal amount of $289,600.00 (the "Note"). Secured Creditor or its custodian and/or agent is, as of the date hereof, in possession of the Note. Secured Creditor is an entity entitled to enforce the Note. A copy of the Note is attached hereto and is marked Exhibit B.

4. As stated above, the Mortgage was originally given to Mortgage Electronic Registration Systems, Inc. "(MERS)" as nominee for GMH Mortgage Services LLC its successors and assigns and was thereafter assigned to CitiMortgage, Inc. A copy of said assignment is attached hereto as <u>Exhibit C</u>. The Mortgage was further assigned from CitiMortgage, Inc. to Nationstar Mortgage LLC, its successors and assigns. A copy of said assignment is attached hereto as <u>Exhibit D</u>. Nationstar Mortgage LLC d/b/a Mr. Cooper is the current servicer for this loan on behalf of Secured Creditor.

5. The amount owed on the Mortgage is approximately $321,645.00 including principal, interest (through February 5, 2018) late fees, and attorney fees and costs. The monthly payments are currently $1,997.13 and this Mortgage is now in arrears for failure to pay principal and interest. Mortgage payments are presently due for May 1, 2016 through and including February 1, 2018.

6. Upon information and belief, a Declaration of Homestead has been recorded with respect to this property. Said Homestead was recorded in Middlesex County (Southern District) Registry of Deeds Book 52347, Page 174.

7. Upon information and belief, the Property is subject to the following encumbrances:

| Lien Holder | Type of Lien | Amount Owed | Priority |
| --- | --- | --- | --- |
| Secured Creditor | 1st Mortgage | $321,645.00 | n/a |

Total: $321,645.00

8. According to the Broker's Price Opinion as of February 10, 2018 (a copy of which is attached hereto as Exhibit E) the fair market value of the property is $435,000.00. For purposes of this Motion only, it is Secured Creditor's opinion that the liquidation value of the premises is $406,416.40 calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,983.60) and anticipated closing costs incurred for a real estate closing ($500.00).

9. Secured Creditor believes that the Debtors have some equity in the property based on the amount currently due Secured Creditor as described above totaling approximately $321,645.00 and the liquidation value of the Property.

17-029428 / BK01

10. There is no other collateral securing Debtors' obligation to Secured Creditor.

11. This Motion is brought for cause under 11 U.S.C. § 362 given that, among other things, any protection Secured Creditor may have is quickly eroding and the Property is not necessary to an effective reorganization. Accordingly, Secured Creditor requests that this Court grant relief from the automatic stay in order to proceed with its applicable rights and remedies, including but not limited to a foreclosure sale on the premises and an eviction proceeding should Secured Creditor, or its successor in interest, become the successful bidder at a foreclosure sale. Attached are redacted copies of any documents that support this Motion, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

12. Secured Creditor further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Secured Creditor also requests that it be allowed to contact the Debtors via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

**WHEREFORE**, Secured Creditor respectfully requests that the Court:

(1) Grant Secured Creditor and its successors and/or assigns relief from the 11 U.S.C. § 362 automatic stay for the purpose of exercising its various non-bankruptcy rights and remedies including and without limitation:

   a. Taking possession of the Property, obtaining a deed-in-lieu of foreclosure and/or foreclosing the Mortgage at issue; and
   b. Taking such action as may be necessary to evict the Debtors and/or any occupant from the Property.

(2) Waive the fourteen-day stay of relief pursuant to Federal Bankruptcy Rule 4001(a)(3); and

17-029428 / BK01

(3) Order such further relief as this Court deems just and proper.

In accordance with Local Rules, Secured Creditor requests that this Motion be allowed without a hearing unless an objection is timely filed.

Dated:  March 2, 2018

                Respectfully submitted,
                Nationstar Mortgage LLC d/b/a Mr. Cooper
                By its attorney,


                /s/ Julie A. Ranieri
                Julie A. Ranieri, Esquire
                BBO# 655936
                Korde & Associates, P.C.
                900 Chelmsford Street, Suite 3102
                Lowell, MA 01851
                Tel: (978) 256-1500
                bankruptcy@kordeassociates.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| In Re: | Case Number 18-10359-FJB |
| Eric J. Dixon and Kerri G. Dixon | Chapter 7 |

**ORDER ON THE MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AND/OR ITS SUCCESSORS AND ASSIGNS FOR RELIEF FROM THE AUTOMATIC STAY**

At Boston in said District, on the _____ day of _____ , 2018, on the Motion of Nationstar Mortgage LLC d/b/a Mr. Cooper and/or its successors and assigns ("Secured Creditor") after notice to all parties on the Secured Creditor's Certificate of Service, it is hereby

ORDERED AND DECREED:
1. Secured Creditor is granted Relief from the Automatic Stay imposed pursuant to 11 USC § 362(a) on the filing of the Petition for Relief.

2. Secured Creditor and any successor in interest is permitted to proceed forward to pursue its rights and remedies under state and/or federal law, including but not limited to a foreclosure of the mortgage it holds on real estate located at *14 Bay Street, Wakefield, MA 01880*, which mortgage is dated December 18, 2014 and recorded in Middlesex County (Southern District) Registry of Deeds in Book 64707, Page 296 (the "Mortgage"). A copy of such mortgage was attached to the Motion for Relief at issue. Further, Secured Creditor is authorized to proceed with its eviction rights in accordance within applicable law with respect to such Property should Secured Creditor, or its successor in interest, become the successful bidder at a foreclosure sale.

3. Secured Creditor and/or its successors, assigns, and servicer may, at its option offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Secured Creditor may contact the Debtors via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

_____
Honorable Judge Bailey
United States Bankruptcy Judge

17-029428 / BK01

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| In Re: | Case Number 18-10359-FJB |
| Eric J. Dixon and Kerri G. Dixon | Chapter 7 |

**CERTIFICATE OF SERVICE**

I, Julie A. Ranieri, Attorney for **Nationstar Mortgage LLC d/b/a Mr. Cooper and/or its successors and assigns** hereby certify that on March 2, 2018 I electronically filed the foregoing *Motion for Relief and Proposed Order* with the United States Bankruptcy Court for the District of MA using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

John Fitzgerald, Assistant U.S. Trustee
John Aquino, Trustee
Anthony Frate, Esquire

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Eric J. Dixon
14 Bay Street
Wakefield, MA 01880

Kerri G. Dixon
14 Bay Street
Wakefield, MA 01880

Tax Collector:
Town of Wakefield
One Lafayette Street
Wakefield, MA 01880

/s/ Julie A. Ranieri
Julie A. Ranieri, Esquire
BBO# 655936
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
bankruptcy@kordeassociates.com

17-029428 / BK01